

844

O-991

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by O-991A

Hon. Walter C. Woodward
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-991
Re: Is the rate of pay applied to
Mr. Sanderford correct under the
provisions of S. B. 397 and the
letter from the Superintendent
Of Insurance of New York and if
the Comptroller is authorized to
issue warrant on this basis?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"We have an Examiner in the State of New
York at the present time participating in the
examination of the Fidelity-Phenix Fire Insur-
ance Company, a New York corporation,  We are
attaching copy of a letter from the Superinten-
dent of Insurance of New York with reference
to the rates of pay of Examiners employed by
New York.  In submitting our payroll to the
Comptroller we have used the highest rate of
the Principal Examiners in New York, for the
reason that Homer Sanderford, Senior Examiner
from Texas who is assigned to the position, is
one of our oldest Examiners in point of exper-
ience and ability. While the Texas law desig-
nates only two classes of Examiners, Assistant
and Senior, the appropriation bill provides for
three classes so far as the rate of pay is con-
cerned.  These three classes are: Assistant
Examiners, salary not to exceed $2,520.00 per

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



year; Senior Examiners, salary not to exceed
$3,750.00 per year; and Senior Examiners, salary
not to exceed $4,200.00 per year. There are
only four Examiners in the last rate class of
$4,200.00 per year, and Mr. Sanderford is one
of these examiners. In other words, he is paid
the highest rate that is in effect in Texas.

"Will you please advise this office and the
Comptroller's office if the rate of pay applied
to Mr. Sanderford is correct under the provisions
of Senate Bill No. 397, and the letter from the
Superintendent of Insurance of New York, and if
the Comptroller is authorized to issue warrant
on this basis."

We quote from a copy of a letter from Hon. Louis
H. Pink, Superintendent of Insurance of New York which was
enclosed with your inquiry, as follows:

"In the Department there are four grades
of examiners, namely, Junior, Assistant, Senior
and Principal. The first three groups do sub-
stantially all of the actual examination work.
The latter or "principal" group is composed of
chiefs of the various bureaus, namely, Chief
of the Fire & Marine Bureau, Chief of the Life
Bureau, Chief of the Miscellaneous Bureau, etc.
Each of the groups has a minimum and maximum
salary. Upon entrance to a grade an examiner
is paid the minimum salary thereof and then by
the process of yearly increments reaches the
maximum where he remains until his promotion to
the next higher grade. Appointments to the
Junior grade are made as a result of open compe-
titive examinations whereas promotions to grades
higher than Junior result from promotion examina-
tions confined to eligible men within the depart-
ment. The minimum and maximum salaries for each
grade follow:

| "Grade | Minimum | Maximum |
|---|---|---|
| Junior | $2,400 | $3,000 |
| Assistant | 3,000 | 3,750 |
| Senior | 3,750 | 4,625 |
| Principal | 5,600 | 6,850 |



Hon. Walter C. Woodward, Page 3

"With reference to the specific inquiry
you make, our charges to the companies examin-
ed so far as salaries are concerned, is on the
basis of 1/280th of the examiner's annual salary
times the number of days required for the exam-
ination.

"We also charge for traveling and subsis-
tence expenses which are limited by rules of the
State Comptroller, copy of which is enclosed.
To these charges is added 20% of the amount charg-
ed for the salaries of examiners, which added
per cent is for the analytical and supervisory
functions of the chief or "principal" examiner."

Senate Bill No. 397, Acts of the Regular Session
of the 46th Legislature, amending Articles 4690a and 4690b,
Revised Civil Statutes, reads as follows:

"Section 3. The expenses of all examina-
tions of domestic insurance companies made on
behalf of the State of Texas by the Chairman
of the Board of Insurance Commissioners or under
his authority shall be paid by the corporations
examined in such amount as the Chairman of the
Board of Insurance Commissioners shall certify
to be just and reasonable.

"Assessments for the expenses of such domes-
tic examination, which shall be sufficient to
meet all the expenses and disbursements necessary
to comply with the provisions of the laws of Texas
relating to the examination of insurance companies
and to comply with the provisions of this Act,
shall be made by the Chairman of the Board of
Insurance Commissioners upon the corporations or
associations to be examined taking into considera-
tion annual premium receipts, and/or admitted
assets and/or insurance in force; provided such
assessments shall be made and collected only at
the time such examinations are made.

"All sums collected by the Chairman of the
Board of Insurance Commissioners, or under his
authority, on account of the cost of examinations



Hon. Walter C. Woodward, Page 4

assessed as hereinabove provided for shall
be paid into the State Treasury to the credit
of the Insurance Examination Fund; and the
salaries and expenses of the actuary of the
Board of Insurance Commissioners and of the
examiners and assistants, and all other ex-
penses of such examinations, shall be paid
upon the certificate of the Chairman of the
Board of Insurance Commissioners by warrant
of the Comptroller drawn upon such fund in
the State Treasury.

"If at any time it shall appear that
addition pro-rata assessments are necessary
to cover all of the expense and disbursements
required by law and necessary to comply with
this Act, the same shall be made, and any sur-
plus arising from any and all such assessments,
over and above such expenses and disbursements,
shall be applied in reduction of subsequent
assessments in the proportion assessed so
that there shall be so assessed and collected
the funds necessary to meet such expenses and
disbursements and no more.

"In case of an examination of a company
not organized under the laws of Texas, whether
such examination is made by the Texas authori-
ties alone, or jointly with the insurance super-
visory authorities of another state or states,
the expenses of such examination due to Texas'
participation therein, shall be borne by the
company under examination. Payment of such
cost shall be made by the company upon presenta-
tion of itemized written statement by the Chair-
man, and shall consist of the examiners' remun-
eration and expenses, and the other expenses
of the Department of Insurance properly allocable
to the examination. Payment shall be made direct-
ly to the Chairman, and all money collected by
assessments on foreign companies for the cost
of examination shall be deposited in the State
Treasury  by the Chairman to the credit of the



Hon. Walter C. Woodward, Page 5

Insurance Examination Fund out of which shall be paid, by warrant of the State Comptroller of Public Accounts on voucher of the Chairman of the Board of Insurance Commissioners, the examiners' remuneration and expenses in the amounts determined by the method hereinafter provided, when verified by their affidavit and approved by the Chairman; and said money is hereby appropriated for that purpose, the balance, if any, to remain in the Insurance Examination Fund in the State Treasury subject to be expended for the purposes as are other funds placed therein. Examiners' remuneration and expenses shall be the same as that which would be paid by the home state of a company under examination to persons conducting the examination of a Texas company admitted to do business in that State. If there be no recognized charge for such service, the Chairman shall fix the remuneration and expense allowance of the examiners at such reasonable figure as he may determine.

"Section 2.

"Section 3aa: The Chairman of the Board of Insurance Commissioners shall appoint such number of examiners, one of whom shall be the chief examiner, and such number of assistants as he may deem necessary for the purpose of making on behalf of the State of Texas and of the Board of Insurance Commissioners all such examinations of insurance companies, at the expense of such companies or corporations, as are required to be made or provided for by law; and, after this Act shall take effect he shall also appoint an actuary to the Board of Insurance Commissioners to advise the Board in connection with the performance of its duties and for aid and advice and counsel in connection with all such examinations required by law.



Hon. Walter C. Woodward, Page 6

Such examiners and assistants shall, as direct-
ed by the Chairman of the Board of Insurance
Commissioners, perform all the duties relative
to all examinations provided by law to be made
by the Board of Insurance Commissioners of the
State of Texas, and it is the purpose of this
Act to provide for the examination hereunder
by the Chairman of the Board of Insurance Com-
missioners of all corporations, firms or per-
sons engaged in the business of writing insur-
ance of any kind in this State whether now sub-
ject to the supervision of the Insurance Depart-
ment or not.

"All such examiners and assistants and such
actuary shall hold office subject to the will
of the Chairman of the Board of Insurance Com-
missioners and the number of such examiners and
assistants may be increased or decreased from
time to time to suit the needs of the examining
work. The actuary and all such examiners and
assistants shall be paid out of the Insurance
Examination Fund, such salaries as shall be fix-
ed from time to time by the Legislature, and
their necessary traveling expenses shall be
paid out of said fund upon sworn, itemized
accounts thereof to be rendered monthly and ap-
proved by the Chairman of the Board of Insurance
Commissioners before payment.

"Where the Chairman of the Board shall deem
it advisable he may commission the actuary of
the Board, the chief examiner, or any other ex-
aminer or employee of the Department, or any
other person, to conduct or assist in the ex-
amination of any company not organized under the
laws of Texas and allow them compensation as
herein provided, except that they may not be
otherwise compensated during the time they are
assigned to such foreign company examinations.
Other than as thus provided, neither the actuary
of the Board of Insurance Commissioners nor any
examiner or assistant shall continue to serve



Hon. Walter C. Woodward, Page 7

> as such if, while holding such position, he shall directly or indirectly accept from any insurance company any employment or pay or compensation or gratuity on account of any service rendered or to be rendered or any account whatsoever."

Senate Bill No. 397, supra, provides that examiners representing the state of Texas in examination of companies outside of the state of Texas shall receive remuneration and expenses the same as shall be paid by the home state of a company under examination to persons conducting the examination of a Texas company admitted to do business in that state. However, if there be no recognized charge for such service, the Chairman shall fix the remuneration and expense allowance of the examiners at such reasonable figure as he may determine.

According to the information contained in the letter of the Hon. Louis H. Pink, Superintendent of Insurance, above quoted, charges made to the company examined so far as salaries are concerned, are on the basis of 1/280th of the examiner's annual salary times the number of days required for the examination, plus traveling and subsistence expenses which are limited by the rules of the State Comptroller, plus twenty per cent of the fees charged for the salaries of examiners, which added per cent is for the analytical and supervisory functions of the chief or principal examiner. Under this formula charges made to companies examined should be on the basis of 1/280 of the examiner's annual salary times the number of days required for the examination plus traveling and subsistence expenses plus twenty per cent of these charges. In submitting your payroll to the Comptroller, the salary of $4,200.00 per year should be used and not the salary of the senior examiner of New York.

You are respectfully advised that it is the opinion of this department that the rate of pay applied to Mr. Sanderford is not correct under the provision of Senate Bill No. 397 and the letter from the Superintendent of Insurance of New York and that the Comptroller is not authorized to issue warrants on this basis. You are further

Hon. Walter C. Woodward, Page 8

advised that it is our opinion that the proper rate of pay to be applied under the provision of Senate Bill No. 397 by the letter of the Superintendent of Insurance of New York should be on the basis of 1/360 of the examiner's annual salary which is $4,200.00 per year times the number of days required for the examination plus traveling and subsistence expenses plus twenty per cent of the amount charged for the salary of examiner.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:AW

APPROVED JUN 30, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN